Charles H. PALMER et al., Plaintiffs and Appellants,

v.

Morris COOK, Clerk-Auditor of Uintah County, et al., Defendants and Respondents.

No. 14127.

Supreme Court of Utah.

Dec. 26, 1975.

Alvin G. Nash, Vernal, for plaintiffs and appellants.

Whitney D. Hammond, Vernal, for defendants and respondents.

TUCKETT, Justice:

Plaintiffs initiated these proceedings seeking to enjoin the defendant from drawing warrants payable out of the public funds of Uintah County for the purpose of paying the salaries of elected officials of that county. Plaintiffs contend that raises of salaries for various elected public officials were unlawful in that the increases did not conform to statutory provisions. From an adverse decision in the trial court the plaintiffs appeal.

It is the plaintiffs' contention that the meeting of the Board of County Commissioners of Uintah County wherein the raises here complained of were granted by the Commission was not held pursuant to adequate and proper notice. The controlling statute is Section 17–16–14, U.C.A.1953, as amended, which is in the following language:

The annual salaries of the officers of all counties in the state shall be fixed by the respective boards of county commissioners, provided no changes shall be made in existing salaries of county officers until the board of county commissioners in a county desiring to change existing salaries of county officers shall first hold a public hearing at which all interested persons shall be given an opportunity to be heard.

The language of the statute does not specify that notice be given or that a notice be given in any particular form or for any particular period. The only requirement is that a public meeting be held.

On November 28, 1974, and December 5, 1974, an official notice was published in a newspaper of Uintah County stating that on December 9, 1974, there would be a meeting of the Board of Commissioners to consider the 1975 budget of the county as requested by departments. The notice also mentioned salaries as a matter under consideration. A copy of the tentative budget was on file with the office of the county clerk and was available for public inspection. The tentative budget disclosed the proposed increases in salaries for the elected officials. The court found from the evidence that the meeting of the Board of County Commissioners on December 9, 1974, was continued from day to day until December 13, 1974, and between those days additional publicity by the news media informed the public of the proposed increased salaries for elected officials, and that on the latter date approximately 90 persons attended the meeting. The court further found that at the final meeting all persons present were afforded the opportunity of being heard. The findings of the court are supported by substantial evidence.

The trial court concluded that the County Commission had taken proper steps and that the increased salaries for elected officials of Uintah County were proper and lawful. With this conclusion of the trial court we agree. Our examination of the pertinent statute above set forth leads us to the conclusion that the only requirement necessary in the changing of existing salaries is the holding of a public meeting and the giving of an opportunity to interested persons to be heard. Requirements of notice in any form is not enjoined by the statute.

The decision of the court below is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, J., concur.

MAUGHAN, Justice (concurring).

In concurring with the opinion of Mr. Justice Tuckett, I wish to observe that, although the statute in question does not by its terms require notice, the requirement of a reasonable notice must be presumed. Here, by a fortuitous chain of events, it appears that sufficient notice materialized to give all those concerned an opportunity

to be heard. But for these fortunate circumstances, I would conclude that the three-column-inches, published twice, in the local weekly newspaper, were insufficient (both in content and frequency) to give sufficient notice to all those entitled to be heard. The published notices appear to be designed more to conceal than to reveal. What notice is reasonable may depend upon the circumstances. At present, it is within the discretion of the County Commission; which discretion is subject to review by the courts to determine if it is abused. This statute will produce more such litigation if legislation does not require more and better information, about the actions of government, to be given the tax-paying public.

CROCKETT, J., concurs in the opinion of MAUGHAN, J.